RECEIPT # _____
AMOUNT $ __5_____
SUMMONS ISSUED __N/A__
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __M__
DATE __5-20-04__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Morcous MORGAN, <br> Alien # **A76 117 960** <br>             *Plaintiff/Petitioner*, <br> <br> -v.- <br> <br> John ASHCROFT, U.S. Attorney General; <br> Michael GARCIA, Assistant Secretary, U.S. <br> Immigration and Customs Enforcement; <br> Bruce CHADBOURNE, Boston Field Director, <br> U.S. Immigration and Customs Enforcement; <br> Andrea J. CABRAL, Suffolk County Sheriff, <br> Suffolk County, Massachusetts <br>             *Defendants/Respondents.* | Civil Docket No: <br> <br> **04 CV 11017 RCL** <br> <br> **MAGISTRATE JUDGE** _____ |

Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO #567460

**VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (WITH TEMPORARY RESTRAINING ORDER)**

PETITIONER/PLAINTIFF (Petitioner), Morcous Morgan, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the U.S.

1

## VENUE

5. Venue lies in the Boston District of Massachusetts, the judicial district where the Petitioner is detained. 28 USC §2241 et. seq. and 28 USC § 1391.

## PARTIES

6. Petitioner is a national of Egypt. He is detained at the Suffolk County House of Corrections in Boston, Massachusetts.

7. Respondent John Ashcroft is being sued in his official capacity as the United States Attorney General exercising authority over the Department of Justice, within which is located the Department of Homeland Security of which the Bureau of Immigration and Customs Enforcement is a part.

8. Respondent Michael Garcia is being sued in his official capacity as the Assistant Secretary for the U.S. Immigration and Customs Enforcement, which has the authority to investigate, arrest, detain, and remove non-citizens in the United States.

9. Respondent Bruce Chadbourne is being sued in his official capacity as Field Director of the Boston Office of the U.S. Immigration and Custom Enforcement. As such, he is the Department of Homeland Security designate for the Boston District, empowered to carry out the deportation order against the Petitioner.  The Boston District encompasses Massachusetts, within which is found the Suffolk County House of Corrections.  Mr. Chadbourne has ordered the unlawful detention of the Petitioner at the Suffolk County House of Corrections in Boston, Massachusetts, which, upon information and belief, is under contract with the U.S. ICE.

10. Respondent Andrea J. Cabral is being sued in her official capacity as the Sheriff of Suffolk County wherein the Suffolk County House of Corrections is located. In this capacity, she is responsible for the physical custody of the Petitioner.

## FACTS

11. Petitioner is a native and citizen of Egypt. He entered the United States as a temporary visitor on or about September 23, 1998 and filed an application for asylum on or about February 24, 1998 with the U.S. Bureau of Citizenship and Immigration Services (BCIS) (than known as the Immigration and Naturalization Service).

12. Petitioner sought asylum in the United States because of harm he suffered as a Coptic Christian in an overwhelmingly Muslim country.

13. On July 27, 2000, the Immigration Judge found Petitioner credible but denied his applications for asylum, withholding of removal, and protection under the U.N. Convention Against Torture. Petitioner appealed this decision to the Board of Immigration Appeals. On July 29, 2002, the BIA denied Petitioner's appeal and entered a final order of removal. Petitioner filed a Petition for Review with the First Circuit Court of Appeals but said petition was dismissed as untimely on October 16, 2002. Petitioner thereafter filed a Motion to Reopen removal proceedings which was denied by the BIA on May 2, 2003.

14. Petitioner is married to Erein Ibrahim, who is also an Egyptian citizen living in the United States. Together they have a son, Jonathan, who

was born in the United States.

15. On May 19, 2004, Petitioner was arrested and taken into government custody. Petitioner's arrest and detention have caused great emotional and psychological distress to Petitioner and his wife and son.

### RIGHT TO JUDICIAL INTERVENTION

16. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

17. The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

18. In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the Immigration and Nationality Act, and the Administrative Procedures Act.

### PETITIONER IS NOT A DANGER TO THE COMMUNITY AND IS NOT A FLIGHT RISK

19. This Petitioner's continued detention violates Section 241(c) of the Immigration and Nationality Act) "Detention, Release, and Removal of

Aliens Ordered Removed". The Petitioner has no criminal record, has strong ties to the community, has a wife and young son, and is not a flight risk.

### THE DISTRICT COURT HAS AUTHORITY TO ORDER PETITIONER'S RELEASE.

20. This District Court can properly exercise its authority and release Petitioner pending action on his removal case. Also a district court has the inherent power to release a petitioner as ancillary relief pending habeas corpus proceedings, where the court has found both a substantial claim for relief and extraordinary circumstances warranting release. See e.g. Mapp v. Reno, CV-99-4240 (CFS) slip op. at 3-4 (E.D.N.Y. Oct. 5, 1 999)(citing cases).

Petitioner's arguments in this vein are as follows: (1) that a district court's inherent authority to release a habeas petitioner on bail does apply in the immigration context; and (2) that the district court can exercise deferential review, even though there was no final detention decision to which to defer.

With regard to the first point, this Court should not distinguish the cases as they relate to habeas proceedings brought by prisoners in the criminal context and those in the immigration context. Federal courts have recognized that federal courts possess inherent power under the common law

7

dismissing a petition for habeas corpus); United States ex rel. Beiftage v. Shaughnessy, 212 F.2d 128 (2d Cir. 1954)(noting that the district court released immigrant on bail pending appeal); Rubinstein v. Brownell, 206 F.2d 449 (D.C. Cir. 1953)(finding under principles of habeas corpus that an immigrant was entitled to a preliminary injunction restraining the Government from revoking bail pending a proceeding to reopen an order of deportation), aff'd 346 U.S. 929 (1954); Tam v. INS, 14 F.Supp.2d 1184 (E.D.Cal. 1998).

## IMMIGRATION DETENTION MUST COMPORT WITH DUE PROCESS.

21. Immigration detention involves the deprivation of a fundamental liberty interest and must be closely scrutinized to ensure that it is narrowly tailored to serve a compelling state interest. See Reno v. Flores, 507 U.S. at 301-2 (1993) (setting forth the standard for evaluating deprivations of fundamental liberty interests and citing, inter alia, U.S. v. Salerno, 481 U.S. 739, 746 (1987)). Deferential review is appropriate only where an alien is challenging a discretionary denial of release by the Attorney General.

## IMMIGRATION DETENTION IMPLICATES AN ALIEN'S FUNDAMENTAL LIBERTY INTEREST IN BEING FREE FROM PHYSICAL INCARCERATION.

22. Freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992); see also U.S. v. Salerno, 481 U.S. 739, 755 (1987). This

9

fundamental right applies to non-citizens as well whether they are in the country legally or illegally-- and is implicated by immigration detention pending deportation or removal proceedings. See Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991) (even undocumented aliens have substantive due process right to be free of arbitrary confinement pending deportation proceedings), cert. dismissed nom. Doherty v. Barr, 503 U.S. 901 (1992). See Addington v. Texas, 441 U.S. 418, 425 (1979)(Commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.)(emphasis added)); Foucha v. Louisiana, 504 U.S. at 80(1992)(same); Harisiades v. Shaughnessy, 342 U.S. 580, 586 & n.9 (1952) (immigrants stand on equal footing with citizens under the Constitution in several respects, including the protection of personal liberty). Cf. Salerno, 481 U.S. at 748-749 (recognizing that in determining whether it comports with due process, a statute providing for pretrial detention must be evaluated in precisely the same manner as, inter alia, the detention of potentially dangerous resident aliens pending deportation proceedings.)

### DEFERENCE IS NOT WARRANTED MERELY BECAUSE ALIENS HAVE NO ABSOLUTE RIGHT TO RELEASE FROM IMMIGRATION DETENTION.

23. In its opposition to requests to the federal district courts for release from custody, the Government often maintains that release from civil immigration custody pending removal has always been a privilege and a matter of grace, not a right or a constitutional entitlement. Petitioner states that the lack of an absolute right to release from immigration detention does not make the liberty interest that it implicates any less fundamental. A fundamental liberty interest in freedom from bodily restraint never provides an absolute entitlement to be free. Even citizens can be detained for non-

10

punitive purposes pursuant to Congress' legitimate and reasonable regulatory goals, and under those circumstances have no absolute right to release. See Salerno, 481 U.S. at 746 (the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment) (citation omitted). Similarly, Congress may authorize detention to ensure the appearance of aliens at removal proceedings and to protect the community during the removal process. However, since a fundamental liberty interest is at stake, such detention must comport with due process. Traditional due process scrutiny requires that deprivations of fundamental liberty interests must be narrowly tailored to serve a compelling state interest. See Reno v. Flores, 507 U.S. at 301-2 (1993) (citing, inter alia Salerno, 481 U.S. at 746 (1987)).

The Fifth Amendment of the Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." The argument of the Respondents that resident aliens do not have the same rights as citizens of the United States may have some value only where certain categories of rights are concerned, but certainly not where substantive, or basic human rights (**"We hold all men to be created equal..."**) are concerned. The Supreme Court recognized long ago that deportable non-citizens, even those who are unlawfully present in the United States, are protected by the Constitution. *See:* **Sin Vip Honarey Tiv. et al. v. Janet Reno**, A.G., et al., No. 99 C 0872 (Pallmeyer, J.), U.S. District Court for the Northern District of Illinois, Eastern Division, Amended Petition for Writ of Habeas Corpus (received 02/18/99).

The Associated Press reported on May 1, 1999, that the Honorable

11

U.S. District Court Judge Mary Lisi (Providence, RI), after ordering the release of an alien who, as the Petitioner herein, had been held in detention by the I.N.S. According to the A.P., in The Providence Journal, Hon. Judge Lisi stated: "I find it incomprehensible that you can take a human being and keep them locked up for eternity", Judge Lisi told a lawyer for the INS. "I cannot ascribe to that reading of the Constitution."

In <u>Hermanowski v. Farquharson</u>, et al., C.A. No. 97-220L, In the U.S. District Court for the District of Rhode Island (decided March 1, 1999) - where a petitioner had multiple convictions (a "prolific ... criminal history"), the Court made a thorough examination of the considerations of due process, the interests of society, etc. which should be weighed against a person's constitutional rights, and it also noted that "Several federal district courts have also recently decided that indefinite detention may violate a deportable alien's due process rights." (at p. 12, , *citations omitted)*. In <u>Hermanowski</u>, the Court concluded: "an alien's substantive due process rights can never be violated by detention pending deportation ...". The Court determined that: "Hermanowski's continued detention violates his substantive due process right to be free from arbitrary restraint on his liberty ..."

### IRREPARABLE HARM

24. Petitioner's continuing detention is causing irreparable harm to him and his family as the family has been thrown into chaos, confusion, and fear. **Petitioner understands that a final order of removal exists against him and seeks release only so that he may prepare himself and his family for**

12

**departure from the United States at the direction of the USCIS. Upon release Petitioner will abide by all orders of the USCIS.**

### PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

    (a)    Issue a writ of habeas corpus, directed to the Respondents, ordering the release immediately of Petitioner on his own recognizance, or on a reasonable bond; or

    (b)    Grant any other and further relief that this Honorable Court may deem fit and proper.

Dated: May 20, 2004

                                    Respectfully submitted,
                                    Mourcous Morgan,
                                    by his attorney

                                    Saher Macarius, Esq.
                                    Law Office of Saher J. Macarius
                                    21 Walsh St.
                                    Framingham, MA 01701
                                    Tel. 508-879-4443
                                    Fax. 508-879-5444
                                    BBO# 567460

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the enclosed Petitioner's Petition for Writ of Habeas Corpus were served upon the following parties/persons/agencies by US Certified mail:

John ASHCROFT
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

Michael GARCIA
Assistant Secretary for the
U.S. Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258

Bruce CHADBOURNE, Boston Field Director
Bureau of Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258

Andrea J. CABRAL, Suffolk County Sheriff
c/o Suffolk County House of Corrections
Attn: RECORDS
20 Bradston Street
Boston MA 02118

United States Department of Justice
Executive Office for Immigration Review
Office of the Chief Clerk
Board of Immigration Appeals
5201 Leesburg Pike, Suite 1300
Falls Church VA 22041

14

United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston MA 02210

Signed,

*[signature]*

Saher J. Macarius, Esq.
Attorney for Petitioner
21 Walsh Street
Framingham MA 01701
508-879-4443

Date: 5/20/04

15

## APPENDIX

ITEM ONE:
Copy of the July 29, 2002 BIA decision affirming the decision of the Immigration Judge.

ITEM TWO:
Copy of the July 27, 2000 decision of the Immigration Judge denying Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture.

ITEM THREE:
Copy of the May 2, 2003 BIA decision denying Petitioner's Motion to Reopen Removal Proceedings.

16

**04 cv 11017 RCL**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Morcous MORGAN
Suffolk County MA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Saher J. Macarius, Esq.
Law Offices of Saher J. Macarius
21 Walsh St., Framingham MA 01701

## DEFENDANTS

John ASHCROFT, U.S. Attorney General et. al.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Attorney's Office
John J. Moakley US Courthouse
1 Courthouse Way, Boston MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights |  |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC 2241 et. seq. Petitioner is in custody of USCIS and seeks release to prepare for departure from US.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
n/a
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 5/20/04
SIGNATURE OF ATTORNEY OF RECORD /s/ Saher J. Macarius

---

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Morcous MORGAN v. John ASHCROFT, US Attorney General, et. al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [XX] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04cv11017 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]  NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Saher J. Macarius, Esq.
ADDRESS  21 Walsh Street, Framingham MA 01701
TELEPHONE NO.  508-879-4443

(Coversheetlocal.wpd - 10/17/02)