UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MORCOUS MORGAN, and ) <br> ERIEN IBRAHIM, ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> JOHN ASHCROFT, MICHAEL GARCIA, ) <br> BRUCE CHADBOURNE, and ) <br> ANDREA CABRAL, ) <br> Respondents. ) | Civil Action 04-11017-RCL |

**RESPONDENT'S MEMORANDNDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF JURISIDICTION, FAILURE TO EXHAUST AND FOR FAILURE TO STATE A CLAIM AND OPPOSITION TO THE PETITIONER'S REQUEST FOR A STAY**

**Introduction**

The Petitioners contend that this court has jurisdiction to review a decision of the Board of Immigration Appeals ("BIA") denying an asylum petition, alleging that the BIA's decision violated due process and agency regulations. Petition, ¶4. The Petitioners seek a stay of removal, release from custody of Morgan and review of the aforementioned decisions. Petition, p. 1-2 and 26.

For the reasons more fully stated herein, this Court lacks subject matter jurisdiction. Alternatively, this Court should dismiss the petition for failure to exhaust and for failure state a claim.

**Facts**

Petitioners Morcous Morgan ("Morgan") and Erien Ibrahim ("Ibrahim") are nationals and citizens of Egypt. Petition, ¶ 6, 11. Morgan entered the United States as a temporary visitor on February 28, 1998. Petition, ¶11. Petitioner Ibrahim entered the United States as a visitor on or about July 12, 1999, and married Morgan. Id.

On July 27, 2000, an Immigration Judge ("IJ") denied Morgan's request for asylum and ordered Morgan and Ibrahim removed. Petition, ¶18. (A copy of the IJ's decision is attached hereto as Exhibit 1). On July 29, 2002, the BIA affirmed without decision the IJ's opinion in the matter. Petition, ¶3, 18. (A copy of the BIA's decision is attached hereto as Exhibit 2).

Petitioners sought review of the BIA's decision in the First Circuit Court of Appeals. (See PACER Docket # 02-2117, attached hereto as Exhibit 3.). The appeal was dismissed as untimely. Exhibit 3, p. 6.

A motion to reopen Morgan's immigration proceedings was denied by the BIA on May 2, 2003. (A copy of that decision is attached hereto as Exhibit 4).

## Argument

### I.  This Court Lacks Habeas Jurisdiction

The appropriate avenue for review of the Petitioner's claims with regard to the denial of asylum was to have appealed to the First Circuit within 30 days of the entry of the final order by the BIA. See 8 U.S.C. §1252(b)(1). This is true as to both the initial decision and the decision on the motion to reopen. Petitioners are not deportable as criminal aliens, so that statutorily prescribed procedure was fully available to them. See generally, Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001) (alien not subject to deportation on criminal basis has full access to Court of Appeals review).

In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court cited two principal considerations underlying its decision to preserve the writ of habeas corpus in immigration matters: (i) "the strong presumption in favor of judicial review of

administrative action" and (ii) "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." St. Cyr, 533 U.S. at 298.[1]

St. Cyr makes clear that where a petitioner has available to him an alternate avenue of review, the writ of habeas corpus need not be available.  In concluding that habeas jurisdiction had been preserved, the Supreme Court consistently relied upon the absence of an alternative remedy.  St. Cyr, 533 U.S. at 305 ("a serious Suspension Clause issue would be presented if we were to accept the INS's submission that the 1996 statutes have withdrawn that power from federal judges and provided no adequate substitute for its exercise."); id. at at 314 ("If it were clear that the question of law could be answered in another judicial forum, it might be permissible to accept the INS' reading of § 1252."). Ultimately, in concluding that habeas jurisdiction had not been repealed, the Court cited the absence of an alternative remedy, "*coupled with*," id. at 314 (emphasis added), the lack of a clear Congressional statement stripping the courts of jurisdiction. Id.   Where, as here, the Petitioner has an adequate alternative judicial remedy, St. Cyr clearly contemplates the absence of habeas jurisdiction.

Because Petitioners have failed to timely pursue the prescribed avenue for judicial review, they have waived the right to habeas corpus review.  Foroglou v. Reno, 241 F.3d 111, 114 (1st Cir. 2001) ("[W]e have assumed that . . . habeas is preserved for those who have *no other way* to present on direct review constitutional or other legal challenges to a final order of deportation.") (emphasis in original) (citing Wallace v. Reno, 194 F.3d 279, 285 (1st Cir. 1999); and Goncalves v. Reno, 144 F.3d 110, 121 (1st Cir. 1998)); see also,

---

[1] Congress can divest the district courts of habeas jurisdiction without violating the Suspension Clause so long as it provides petitioners with another avenue of review.  See Swain v. Pressley, 430 U.S. 372, 381 (1977).

3

Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (finding a waiver of habeas jurisdiction, the court stated, "petitioner in this case is not a criminal alien. He had a full opportunity to obtain review of the INS decision by the Court of Appeals . . .").

The First Circuit, nevertheless, has left open the question of whether this Court retains habeas jurisdiction over a claim that could have been adjudicated on direct appeal.

> Neither the Supreme Court nor this court has had occasion to decide whether the district court has habeas jurisdiction over a removal order where an alien's objection to the order would also have been susceptible to adjudication in the courts of appeals in a statutory direct review proceeding. . . . we postpone until some other day the difficult and, for present purposes, unnecessary question of the district court's subject matter jurisdiction.

Seale v. INS, 323 F.3d 150, 153 (1st Cir. 2003). The Eighth Circuit has found the availability of direct review to preclude habeas jurisdiction. See Lopez v. Heinauer, 332 F.3d 507, 510-511 (8th Cir. 2003). The Second, Third and Tenth Circuits, however, have concluded the opposite. Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002); Liu v. INS, 293 F.3d 36 (2nd Cir. 2002); Ckmakov v. Blackman, 266 F.3d 210, 215-16 (3rd Cir. 2001).

## II. The Petitioners Have Procedurally Defaulted Their Claims

The Petitioners have clearly failed to properly exhaust their available remedies. As such, this Court should dismiss the instant Petition as a prudential matter. Allowing the instant habeas petition to proceed would effectively circumvent the statutory course of immigration review established by Congress.

> The scheme proffered by Laing would allow a person to ignore the 30-day deadline set by 8 U.S.C. § 1252(a)(2)(C), and file a habeas petition in a district court within a year of the BIA's decision. Furthermore, once the district court denied the habeas petition, the person presumably would have a right to appeal to the appropriate court of appeals. This would significantly prolong judicial review and reduce the efficiency of the statutory immigration scheme.

Laing v. Ashcroft, --- F.3d ---, 2004 WL 1238961 (9th Cir. June 7, 2004)

## III. The Petition Fails To State A Claim Upon Which Relief May Be Granted

The Petitioners challenge the BIA summary affirmance procedure alleging that the decision fails to comport with due process. The Petitioner's challenge is utterly meritless.

The BIA's decision to affirm, without opinion, was entirely within the statutory and regulatory framework.[2]

> Congress was silent as to the manner and extent of any administrative appeal, leaving that determination to the Attorney General, who, in turn, has delegated this responsibility to the BIA. Where legislation is silent as to implementation, the Supreme Court has stated that "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to

---

[2] An alien's right to an administrative appeal from an adverse asylum decision derives from statute rather than from the Constitution. Dia v. Ashcroft, 353 F.3d 228, 242 (3rd Cir. 2003); Albathani v. INS, 318 F.3d 365, 376 (1st Cir. 2003); see also Guentchev v. INS, 77 F.3d 1036, 1037 (7th Cir. 1996) ("The Constitution does not entitle aliens to administrative appeals. . . . The Attorney General could dispense with the Board and delegate her powers to the immigration judges, or could give the Board discretion to choose which cases to review.")

> discharge their multitudinous duties." <u>Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council. Inc</u>., 435 U.S. 519, 543 (1978).
>
> Thus, because nothing in the immigration laws requires that administrative appeals from IJ decisions be resolved by three-member panels of the BIA through formal opinions that "address the record," the BIA was free to adopt regulations permitting summary affirmance by a single Board member without depriving an alien of due process.

<u>Zhang v. DOJ</u>, 362 F.3d. 155, 157 (2nd Cir. 2004). <u>See</u> also <u>Yuk v. Ashcroft</u>, 355 F.3d 1222, 1229-32 (10th Cir. 2004); <u>Loulou v. Ashcroft</u>, 354 F.3d 706, 708-09 (8th Cir. 2003); <u>Dia v. Ashcroft</u>, 353 F.3d 228, 238-45 (3rd Cir. 2003); <u>Denko v. INS</u>, 351 F.3d 717, 725-30 (6th Cir. 2003); <u>Falcon Carriche v. Ashcroft</u>, 350 F.3d 845, 849-52 (9th Cir. 2003); <u>Georgis v. Ashcroft</u>, 328 F.3d 962, 966-67 (7th Cir. 2003); <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1288-89 (11th Cir. 2003); <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 831-33 (5th Cir. 2003); <u>Albathani v. INS</u>, 318 F.3d 365, 375-79 (1st Cir. 2003).

Further, Circuit Courts routinely pass upon the merits of asylum applications in these circumstances, simply reviewing the IJ decision as if it were the final decision of the BIA. <u>See</u>, e.g., <u>Halaim v. INS</u>, 358 F.3d 1128, 1131 (9th Cir. 2004); <u>Tarrawally v. Ashcroft</u>, 338 F.3d 180, 184 (3rd Cir. 2003); <u>Quevedo v. Ashcroft</u>, 336 F.3d 39, 43 (1st Cir. 2003); <u>Tsevegmid v. Ashcroft</u>, 336 F.3d 1231, 1235 (10th Cir. 2003); <u>Dominguez v. Ashcroft</u>, 336 F.3d 678, 679 n. 1 (8th Cir. 2003); <u>Moin v. Ashcroft</u>, 335 F.3d 415, 418 (5th Cir. 2003); <u>Krouchevski v. Ashcroft</u>, 344 F.3d 670, 673 (7th Cir. 2003).

### IV. The Petitioner Cannot Establish The Threshold Requirements For A Stay Of Removal

In <u>Arevalo v. Ashcroft</u>, 344 F.3d 1 (1st Cir. 2003), the First Circuit ruled that a habeas petitioner seeking a stay of removal must establish:

> (1) that she is likely to succeed on the merits of her underlying objection; (2) that she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest.

<u>Id.</u>, at 7. Because the Petitioner cannot establish a likelihood of success on the merits, the Petitioner's request should be denied.

### Conclusion

This Court lacks subject matter jurisdiction, the matter should be dismissed for failure to exhaust and fails to state a claim upon which relief may be granted. As such, the Respondents request that the Petition be dismissed.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136