# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETFS

| | |
|---|---|
| Morcous MORGAN ) <br> Alien # **A76 117 960** ) <br> Erein IBRAHIM ) <br> Alien #**A70 868 672**, ) <br>             *Plaintiffs/Petitioners,* ) <br> ) <br>       -v.- ) <br> ) <br> John ASHCROFT, U.S. Attorney General; ) <br> Michael GARCIA, Assistant Secretary, U.S. ) <br> Immigration and Customs Enforcement; ) <br> Bruce CHADBOURNE, Boston Field Director, ) <br> U.S. Immigration and Customs Enforcement; ) <br> Andrea J. CABRAL, Suffolk County Sheriff, ) <br> Suffolk County, Massachusetts ) <br>             *Defendants/Respondents.* ) | Civil Docket No: <br> **04CV11017 RCL** |

## PLAINTIFFS' EMERGENCY MOTION FOR RELEASE

Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO #567460

1

Now comes Plaintiff, Mourcous MORGAN, and hereby moves this honorable court for a hearing concerning his continuing unlawful detention by the Respondents.[1]

In support of this motion, Plaintiff Morgan states the following:

He has been detained for more than 90 days and must, by law, be released from government custody. Plaintiff Morgan relies on this Court's decision in Arevalo v. Ashcroft, 260 F.Supp.2d 347 (2003) as basis for this hearing.

Plaintiff Morgan was taken into government custody on or about May 19, 2004. On or about June 18, 2004, this Court granted Plaintiff Morgan a stay of removal pending the adjudication of his Petitioner for a Writ of Habeas Corpus.

Pursuant to §241(a) of the Immigration and Nationality Act, which sets forth a 90-day removal period, Plaintiff Morgan has made repeated requests for release. These requests have been met with a deafening silence.

In particular, by letter dated July 29, 2004, Plaintiff Morgan sent a request for release and supporting documentation pursuant to the statutory 90-day custody review process. Receiving no response to that request, on or about August 20, 2004, Plaintiff Morgan sent a letter to Respondent Chadbourne demanding release pursuant to the court's decision in Arevalo v. Ashcroft, 260 F.Supp.2d 347 (D. Mass. 2003) (§241(a) does not authorize detention beyond the 90-day removal period). **To date, Plaintiff has not received a response to either demand**. (copies attached)

In addition to the above demands for release, Plaintiff Morgan contacted Respondent's counsel, Assistant U.S. Attorney Mark Grady, requesting release pursuant to the expiration of the 90-day removal period. This contact was made on August 19, 2004, via telephone and email. Mr. Grady informed Plaintiff that he opposed Plaintiff's release as it is a discretionary decision of the Respondents and that Plaintiff Morgan would be unable to

---

[1] Plaintiff Ibrahim, wife of Plaintiff Morgan, is not in government custody.

2

meet the threshold requirement that his removal is not likely to occur in the near future. (a copy of the email correspondence is attached)

On August 30, 2004, Plaintiff Morgan contacted Officer McDonald who is in charge of Mr. Morgan's case. However, Officer McDonald did not return the phone call.

It must be noted that Plaintiff Morgan has no criminal record and poses no risk to the community. He is not a flight risk since he intends not only to pursue the case in the U.S. Court of Appeals, but, more importantly, to prevail on all issues. His current detention is both unlawful and unwarranted.

Plaintiff Morgan's wife, Erein Morgan (Ibrahim) and two United States citizen children (ages 1 ½ and 3 ½) live in Massachusetts and have been emotionally and financially devastated by his incarceration. After Plaintiff Morgan's arrest by immigration authorities, his wife and children were forced to move out of their apartment because they could not afford to pay the rent. The family has moved in with Plaintiff Morgan's brother-in-law, Emad Ghobrial, and his family in a small two-bedroom apartment.

Since Plaintiff Morgan's arrest, his children have become increasingly distraught and their behavior is starting to take a turn for the worse. Furthermore, the family's distress is financial as well as emotional. Prior to his arrest, Plaintiff Morgan was employed and was the sole financial provider for his family. He and his family were also active members of the Coptic Orthodox Church.

**WHERFORE, Plaintiff respectfully requests that the court grant this Motion and order the Respondents to release Plaintiff from custody immediately; and that the court enter an order awarding Plaintiff his costs and attorney's fees associated with this Motion in the amount of $ 750.00.**

3

Respectfully submitted,

*[signature]*

Plaintiff Mourcous Morgan,
By his Attorney,
Saher J. Macarius
Law Offices of Saher J. Macarius
21 Walsh Street
Framingham MA 01701
508-879-4443

4

# CERTIFICATE OF SERVICE

I hereby certify that one copy of **PLAINTIFFS' MOTION FOR IMMEDIATE HEARING FOR RELEASE FROM CUSTODY DUE TO UNLAWFUL DETENTION** this was served upon the following parties/persons/agencies by US mail:

Bruce CHADBOURNE, Boston Field Director
Bureau of Immigration and Customs Enforcement
JFK Federal Building, 17th Floor
Government Center
Boston MA 02203

Mark Grady, Esq.
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston MA 02210

        Signed,

        _____
        Saher J. Macarius, Esq.
        Attorney for Petitioner
        21 Walsh Street
        Framingham MA 01701
        508-879-4443

Date: 8/31/04

5