UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MORCOUS MORGAN, and ) <br> ERIEN IBRAHIM, ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> JOHN ASHCROFT, MICHAEL GARCIA, ) <br> BRUCE CHADBOURNE, and ) <br> ANDREA CABRAL, ) <br> Respondents. ) | Civil Action 04-11017-RCL |

**RESPONDENTS' OPPOSITION TO THE PETITIONER'S MOTION FOR RELEASE**

**Introduction**

On September 1, 2004, Morcous Morgan ("Petitioner"), filed an "Emergency Motion for Release From Custody" contending that the United States lacked the authority to detain him pending removal in excess of ninety days.  See Petitioner's Emergency Motion for Release, p. 2 ("Emergency Motion").

The Respondents provide this memorandum in opposition.

**Facts**

Petitioners Morcous Morgan ("Morgan") and Erien Ibrahim ("Ibrahim") are nationals and citizens of Egypt.  Petition, ¶ 6, 11.  Morgan entered the United States as a temporary visitor on February 28, 1998.  Petition, ¶11.  Petitioner Ibrahim entered the United States as a visitor on or about July 12, 1999, and married Morgan.  Id.

On July 27, 2000, an Immigration Judge ("IJ") denied Morgan's request for asylum and ordered Morgan and Ibrahim removed as aliens who had remained longer than permitted.  See IJ Decision, p.1, attached to the Respondents'

previously filed Motion to Dismiss as Exhibit 1; and 8 U.S.C. § 1227(a)(1)(B). On July 29, 2002, the BIA affirmed without decision the IJ's opinion. Petition, ¶3, 18. Petitioners sought review of the BIA's decision in the First Circuit Court of Appeals but that appeal was dismissed as untimely.

The Petitioner, Morgan, was taken into custody on or about May 19, 2004, and filed the instant habeas petition on May 20, 2004. Emergency Motion, p. 2; Docket #04-11017, #1. On June 16, 2004, the Respondents filed a notice of scheduling of removal informing this Court that Morgan was to be removed on or about June 23, 2004. Docket #04-11017, #5.[1] The Petitioner sought, and was granted, a stay of removal on June 18, 2004.

On September 1, 2004, Morgan filed the instant motion for release from custody. In support of the motion, the Petitioner contends that he has been held in excess of 90 days, in violation of "§241 of the Immigration and Nationality Act," and that he has not been afforded a "90-day custody review." Petitioner seeks an order of release and a sanction of $750.00 against the Respondents.

---

[1] The Respondents concurrently filed a Motion to Dismiss and memorandum of law. Docket # 04-11017, # 3-4.

2

**Argument**

I.    <u>The Petitioner May Be Held In Excess Of Ninety Days Pending Removal</u>

The detention of post removal order aliens is governed by 8 U.S.C. §1231, which provides in relevant part:

> (1)(A) In general
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period") . . . .
>
> (2) During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title. . . .
>
> (6) Inadmissible or criminal aliens
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title <u>or who has been determined by the Attorney General to be</u> a risk to the community or <u>unlikely to comply with the order of removal</u>, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).[2]

In this case, the Petitioner's detention is authorized under 8 U.S.C. §1231(a)(6) allowing continued detention where it has been determined that the Petitioner is not likely to comply with the order of removal.

---

[2] <u>See</u> also, <u>e.g.</u>, <u>Habtegaber v. Jenifer</u>, 256 F. Supp.2d 692, 696 (E.D. Mich. 2003) ("an alien may be detained beyond the 90 day period if he/she is inadmissible (under 8 USC § 1182), removable (under certain provisions of 8 USC § 1227) or has been determined to be a risk to the community or unlikely to comply with the order of removal."); <u>Apau v. Ashcroft</u>, 2003 WL 21801154, *2 (N.D. Tex. 2003) (same).

The Supreme Court has expressly recognized that the statutory scheme at issue authorizes detention in excess of ninety days.

> The post-removal-period detention statute is one of a related set of statutes and regulations that govern detention during and after removal proceedings. While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody. § 1231(a)(2). Subsequently, <u>as the post-removal-period statute provides, the Government "may" continue to detain an alien who still remains here</u> or release that alien under supervision. § 1231(a)(6).

<u>Zadvydas v. Davis</u>, 533 U.S. 678, 683 (2001) (emphasis added).[3]

Unwilling to allow indefinite detention, however, the Supreme Court established limitations on post removal detention. These limitations have not been exceeded. In <u>Zadvydas</u> the court recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal. <u>Id</u>. at 701. This Petitioner has been held since May 19, 2004, for four months. Thus, he fails to cross even the preliminary threshold.

Moreover, should detention in this matter go on to exceed six months, the Petitioner would not be entitled to release. The Supreme Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the

---

[3] Because petitioner's continuing detention pending execution of his final removal order is the result of petitioner's own efforts to forestall his removal from the United States by seeking and obtaining a stay from this Court, petitioner's detention pending execution of his removal order is also authorized by section 241(a)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1)(C). ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period <u>if the alien . . . acts to prevent the alien's removal subject to an order of removal</u>"). (Emphasis added). <u>See</u> also, <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002); <u>contra</u>, <u>Arevalo v. Ashcroft</u>, 260 F.Supp.2d 347 (D. Mass. 2003),

> "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

<u>Zadvydas</u>, 533 U.S. at 701 (emphasis added).

The Petitioner in this matter sought a stay of removal on the ground that he was scheduled to be removed on June 23, 2004, a date within the six-month lawful detention period. Due to this Court's stay Petitioner was not removed. In these circumstances, the Respondents have clearly demonstrated that they are prepared to execute the final order of removal in this case, should the Court's stay be lifted. Thus, there is a "significant likelihood of removal in the reasonably foreseeable future", and petitioner's continued detention is wholly lawful under <u>Zadvydas</u>.[4]

Finally, the Petitioner argues that <u>Arevalo v. Ashcroft</u>, 260 F.Supp.2d 347 (D. Mass. 2003), appropriately concluded that 8 U.S.C. §1231 did not authorize detention in excess of ninety days. <u>Arevalo</u> is inapposite. In <u>Arevalo</u>, the government relied <u>exclusively</u> upon the argument that the petitioner in that matter had acted to prevent removal and that continued detention was authorized pursuant to 8 U.S.C. § 1231(a)(1)(C), an argument the Court rejected.[5] The <u>Arevalo</u> decision does not undercut

---

[4] To the extent that Petitioner's motion is construed as a request for "injunctive relief," for the reasons stated in the Respondents' Motion to Dismiss, the Petitioner utterly fails to demonstrate any probability of success in the underlying habeas corpus petition. <u>Cf.</u> <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); <u>Lancor v. Lebanon Hous. Auth.</u>, 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of injunctive relief").

[5] The Court expressly noted that the government relied solely on that provision. <u>Arevalo</u>, 260 F.Supp. 2d at 349 n.3

the Respondents' contention that continued detention is authorized by 8 U.S.C. §1231(a)(6). Indeed, such a broad construction of the <u>Arevalo</u> opinion is untenable as it cannot be reconciled with the Supreme Court's express finding in <u>Zadvydas</u> that post removal detention was authorized beyond, and presumptively reasonable for, a period of six months.[6]

    II.    <u>The Applicable Regulation Does Not Require A Custody Review</u>

Section 241.4 of 8 C.F.R. sets out a procedure under which aliens detained pending removal may obtain custody reviews, ordinarily every ninety days. <u>See</u> 8 C.F.R. §241.4.[7] The Regulation provides, however, that such reviews may be forgone for "good cause:

> Postponement of review. In the case of an alien who is in the custody of the Service, the district director or the HQPDU Director <u>may, in his or her discretion, suspend or postpone the custody review process</u> if such detainee's prompt removal is practicable and proper, or <u>for other good cause</u>. The decision and reasons for the delay shall be documented in the alien's custody review file or A file, as appropriate. Reasonable care will be exercised to ensure that the alien's case is reviewed once the reason for delay is remedied or if the alien is not removed from the United States as anticipated at the time review was suspended or postponed.

8 C.F.R. §241.4(k)(3) (emphasis added).

---

[6] It is further worthy of note that the Arevalo decision is on appeal to the First Circuit. <u>See</u> First Circuit Court of Appeals Docket # 03-1938.

[7]     Related Immigration and Naturalization Service (INS) regulations add that the INS District Director will initially review the alien's records to decide whether further detention or release under supervision is warranted after the 90-day removal period expires. 8 C.F.R. § 241.4(c)(1), (h), (k)(1)(i). If the decision is to detain, then an INS panel will review the matter further, at the expiration of a 3-month period or soon thereafter. § 241.4(k)(2)(ii).
<u>Zadvydas</u>, 533 U.S. at 683.

The Respondents, in their discretion, take the position that the entry of this Court's stay constitutes "good cause" as contemplated by the regulation.

## Conclusion

For the foregoing reasons, the Respondents request that the Petitioner's Motion Emergency Motion for Release be Denied.

>Respectfully Submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
> /s/ Mark J. Grady
>MARK J. GRADY
>Assistant U.S. Attorney
>U.S. Attorney's Office
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA   02210
>Tel. No. (617) 748-3136