UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

Docket No. 04-11017-RCL

| | |
|---|---|
| MORCOUS MORGAN, and | ) |
| ERIEN IBRAHIM, | ) |
| Appellants | ) |
| | ) |
| v. | ) |
| | ) |
| ALBERTO GONZALEZ, U.S. Attorney General; | ) |
| MICHAEL GARCIA, Assistant Secretary, U.S. | ) |
| Immigration and Customs Enforcement; and | ) |
| BRUCE CHADBOURNE, Boston Field Director, | ) |
| U.S. Immigration and Customs Enforcement; | ) |
| Appellees | ) |

## APPELLANTS' EMERGENCY MOTION FOR STAY OF REMOVAL

Now come the Appellants, Morcous Morgan ("Morgan") and Erien Ibrahim ("Ibrahim"),

through their attorney, Anthony Drago, Jr. of 35 India Street, Boston, Massachusetts, and hereby

move that this honorable court issue an emergency order staying the removal of the Appellants

from the United States pending the outcome of the Court's decision in Ishak v. Ashcroft, U.S.

Court of Appeals, Docket Number 04-1138. The stay is requested on an emergency basis

because the Appellees (hereinafter collectively referred to as the "DHS") have previously

detained the Appellant, Morgan, and removal of the Appellants is now **imminent**. Therefore, the

stay requested herein is necessary on an emergency basis to prevent the Appellants' removal

from the United States. In support of this Motion, and the need for a ruling on an emergency

basis, the Appellants state the following:

## FACTS

The Appellants Morgan and Ibrahim are nationals and citizens of Egypt. On February 23, 1998, Morgan entered the United States and immediately filed an application for political asylum. Morgan asserted that he was persecuted in Egypt on account of his Coptic Christian beliefs in a predominantly Muslim country. On July 2, 1999, Ibrahim entered the United States as a visitor and married Morgan soon thereafter. The Appellants have two United States citizen children together.

On July 27, 2000, an Immigration Judge ("IJ") denied Morgan's application for asylum and ordered the Appellants removed. Morgan filed a timely appeal of the decision with the Board of Immigration Appeals ("BIA"). On May July 29, 2002, the BIA affirmed the IJ's decision without an opinion and without citation to First Circuit Precedent. On or about September 1, 2002, Morgan filed a Petition for Direct Review of the BIA's decision with the U.S. Court of Appeals for the First Circuit. On October 16, 2002, the Circuit Court dismissed the appeal as untimely because Morgan failed to file the Petition for Direct Review within 30 days from the date of the BIA's decision.[1] Morgan then filed a Motion to Reopen his immigration proceedings with the BIA. On May 2, 2003, the BIA denied Morgan's Motion to Reopen.

On May 19, 2004, the Government arrested the Petitioner, Morgan, and took him into custody. On June 4, 2004, the Appellants filed a Petition for Writ of Habeas Corpus and a Complaint for Declaratory Relief and an Emergency Stay of Removal in the United States District Court for the District of Massachusetts. On June 16, 2004, the Government submitted a

---

[1]   The failure to file the Petition for Direct Review within 30 days from the date of the BIA's order is clearly a basis for a claim of ineffective assistance of counsel. However, the Appellants failed to raise that claim before the District Court in the Habeas Petition.

Motion to Dismiss for Lack of Jurisdiction, Failure to Exhaust Administrative Remedies, Failure to State a Claim and Opposition to the Appellants' Request for a Stay.

On March 7, 2005, at the hearing on the government's Motion to Dismiss, the Appellants filed a Motion to Hold the Case in Abeyance pending the outcome of the First Circuit's decision in Ishak v. Ashcroft, et.al., Docket Number 04-1138. The Appellants asserted that their case is a companion case to Ishak because the issues presented are identical. The issues before the First Circuit in Ishak are: 1) whether or not the District Court has Habeas Corpus jurisdiction to review a case filed by a non-criminal alien who did not file a Petition for Direct Review within 30 days from the date of a decision by the Board of Immigration Appeals; and 2) whether or not the Appellant's Petition for Writ of Habeas Corpus stated a colorable claim of constitutional violations which the District Court has jurisdiction to review.

By order dated March 8, 2005, the District Court (Lindsey, J.) dismissed the Appellants' Petition for Writ of Habeas Corpus for lack of jurisdiction reasoning that the Appellants failed to exhaust their administrative remedies because they did not file a Petition for Direct Review within 30 days from the date of the BIA's order. For reasons stated below, this court should overturn that portion of the decision that ruled the District Court does not have Habeas Corpus jurisdiction. Pending the outcome of the Ishak case, this court should also grant a Stay of Removal preventing the Government from removing the Appellants from the United States.

## ARGUMENT

### I.    STANDARD OF REVIEW

In order to obtain a stay of removal an appellant must demonstrate that: (1) he/she is likely to succeed on the merits of the underlying objection; (2) that he/she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the

3

granting of the stay; and (4) that the stay would not disserve the public interest. <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, at 7 (1st Cir. 2003). The Appellants addressed those three prongs in their Petition for Writ of Habeas Corpus and incorporates those arguments herein. While additional arguments are set forth below in support of the stay, the arguments are essentially the same as those in the Appellants' Petition for Writ of Habeas Corpus.

**A.    There is a strong likelihood that the Appellant in <u>Ishak</u> will prevail on his claims.**

The Appellants' case on the issue of jurisdiction is a companion case to <u>Ishak</u> which is currently pending before the First Circuit Court of Appeals. Both cases address whether the District Court has Habeas Corpus Jurisdiction over a non-criminal alien that failed to file a Petition for Direct Review within 30 days from the final administrative order as prescribed by INA section 242(b)(1). On March 7, 2005, the Court of Appeals for the First Circuit heard oral argument in <u>Ishak</u>. A decision on Habeas Corpus jurisdiction in <u>Ishak</u> is forthcoming. Issuing the stay in this case pending the outcome of <u>Ishak</u> will prevent the Appellants from being removed from the United States while the serious issue of Habeas Corpus jurisdiction is being decided. The Appellant in <u>Ishak</u> expects to prevail on the issue based on decisions in three other Circuit Courts. <u>See</u> <u>Chmakov v. Blackman</u>, 266 F.3d 210 (3rd Cir. 2001);  <u>Liu v. INS</u>, 293 F.3d 36 (2nd Cir. 2002);  <u>Riley v. INS</u>, 310 F.3d 1253 (10th Cir. 2002).

If the Appellant in <u>Ishak</u> prevails and the First Circuit determines that the District Court has Habeas Jurisdiction, then the Appellant in the present case also will be eligible to pursue his claims in District Court. Accordingly, the Appellants have a likelihood of success on the merits based on the issue in <u>Ishak</u>.

The Appellants in this case claim their right to due process was violated by the IJ''s and the BIA's failure to cite First Circuit precedent in their respective decisions. Since constitutional

4

violations can be raised in Habeas Corpus proceedings, and since the District Court's jurisdiction

over such claims will be decided by <u>Ishak,</u> the Appellants should be granted a stay of removal

pending the outcome of the <u>Ishak</u> decision. Once <u>Ishak</u> is decided the Appellants legal argument

can be made to the District Court.

**B.     Irreparable Harm Will Occur if the Stay is Not Granted.**

Appellant Morgan claims fear of persecution if returned to Egypt.  To the extent his claim

is approved by this Court after review, nothing could be more irreparable than sending him to a

country where he will be killed upon his return.  To do so would deny him the final opportunity

to be heard on very serious matter. Although no person can be certain of their fate if forced to

return to their country of origin, Appellant Morgan has suffered past persecution and the

likelihood of future persecution is a grave reality.

In the event the Stay of Removal is not granted, the Appellants will suffer irreparable

harm in that Morgan may not be alive to talk about his situation.  Were it not for the erroneous

ruling of the Immigration Judge and the Board of Immigration Appeals, Appellant Morgan

would be allowed to stay in the United States free from persecution on account of his religious

and political beliefs. The Appellants claim should not be taken lightly and he should be allowed

every opportunity to present his case in the U.S. Court system before being sent to a country

where he fears for his life.

If the Appellees remove the Appellants to Egypt, their life would be in danger as argued

in Morgan's application for asylum and he and his wife will not be allowed to return to the

United States for many years. In fact, should the Appellants be removed from the United States

there can be no guarantee that they will be allowed to re-enter the United States at any time in

the future nor can there be any guarantee that they will not be killed as Morgan and his wife

5

legitimately fear. At least while they are in the United States Appellant Morgan will have the opportunity to be heard on the issues in his case.

**C.    The potential harm to the Petitioner if the stay is not granted far outweighs any harm to the government.**

In this case, the only harm to any party in not granting the stay of removal is to the Appellants. There is no harm to the government in granting the stay. The Appellants have no criminal record and they are not a danger to society nor could any reasonable person argue that the Appellants pose a risk of flight from the DHS. The IJ granted voluntary departure for Appellant Morgan which shows that he is not a danger to society and could be allowed to leave the United States at his own expense.

The Appellants lives are on the line in this case. Nothing could be more serious. Clearly the harm to the Appellants in sending them back to Egypt where they fear persecution outweighs any harm the government would suffer if the stay is granted. Since this case must proceed through the final stage of the legal system, the only just thing to do is stay the Appellants' removal pending the outcome of the issues.

**D.    Granting the stay is in the public interest.**

There is a strong public policy interest in preventing the United States and other countries from removing individuals that still have legitimate claims to relief. Our judicial system is one of few that provides individuals with an opportunity to exhaust administrative remedies and to pursue review of a lower court's decision. It is also against public policy to force victims into the hands of their persecutors and torturers. In fact, that is the core purpose of the Convention Against Torture. While the merits of the Appellants' case are being litigated, it is in the interest of the public to allow the Appellants every opportunity to avail himself of our legal system.

Simply sending the Appellants to a country where Morgan fears for his life is not in anyone's interest and must be prevented. In this case, the evidence clearly shows Appellant Morgan's asylum claim requires further evaluation. Here, it is in the interest of all parties to stay the Appellants' removal from the United States so that this court can once and for all review the merits of Morgan's asylum claim. By granting a stay of the Appellants' removal, this Court would be maintaining the status quo so important factual and legal issues can be resolved.

## CONCLUSION

For the above stated reasons, and those factual and legal arguments set forth in the Appellants' petition, this Motion should be granted. The Appellants respectfully request that this honorable court grant this Motion and issue an order staying the Appellants' removal from the United States pending the outcome of the jurisdictional issue pending in Ishak v. Ashcroft.

**Respectfully submitted,**
**Morcous Morgan and**
**Erien Ibrahim**
**By their attorneys,**


**Anthony Drago, Esq.**
**Elizabeth A. Smith, Esq.**
**Anthony Drago, Jr., P.C.**
**35 India Street**
**Boston, MA 02110**
**(617) 357-0400**