## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MORCOUS MORGAN AND ERIEN IBRAHIM,<br>    Petitioners, | )<br>)<br>)<br>) | |
| v. | ) | Civil Action 04-11017-RCL |
| ALBERTO GONZALES, BRUCE CHADBOURNE, and ANDREA CABRAL,<br>    Respondents. | )<br>)<br>)<br>)<br>) | |

## RESPONDENTS' OPPOSITION TO THE PETITIONERS' EMERGENCY MOTION FOR STAY

### Introduction

The Appellants have moved to stay their removal pending a decision by the First Circuit in <u>Ishak v. Ashcroft</u>, First Circuit Court of Appeals Docket # 04-1138, an appeal involving the question of whether the district court retains habeas jurisdiction where an alien failed to exhaust review in the circuit court.

As the outcome of that matter would not alter this Court's decision, and the Petitioners-Appellants have no likelihood of success on the merits of their underlying claims, the Respondents-Appellees respectfully submit that the request for stay should be denied.

## Facts

Petitioner-Appellants, Morcous Morgan ("Morgan") and Erien Ibrahim ("Ibrahim"), are nationals and citizens of Egypt. Petition, ¶ 6, 11. Morgan entered the United States as a temporary visitor on February 28, 1998. Petition, ¶11. Ibrahim entered the United States as a visitor on or about July 12, 1999, and married Morgan. Id.

On July 27, 2000, an Immigration Judge ("IJ") denied Morgan's request for asylum and ordered Morgan and Ibrahim removed. Petition, ¶18. (A copy of the IJ's decision is attached hereto as Exhibit 1.) On July 29, 2002, the BIA affirmed without decision the IJ's opinion in the matter. Petition, ¶3, 18. (A copy of the BIA's decision is attached hereto as Exhibit 2.)

Petitioners sought review of the BIA's decision in the First Circuit Court of Appeals. (See PACER Docket # 02-2117, attached hereto as Exhibit 3.) The appeal was dismissed as untimely. Exhibit 3, p. 6.

A motion to reopen Morgan's immigration proceedings was denied by the BIA on May 2, 2003. (A copy of that decision is attached hereto as Exhibit 4.)

On May 5, 2004, Petitioners filed a petition for writ of habeas corpus in the District of Massachusetts. On June 16, 2004, Respondents moved to dismiss for lack of jurisdiction, failure to exhaust available remedies and on the ground that the

petition failed to state a claim upon which relief may be granted. On March 7, 2005, after a hearing, the district court dismissed the claims of Morgan and Ibrahim citing the waiver of jurisdiction due to the failure to exhaust, and, alternatively, finding that Ibrahim and Morgan had procedurally defaulted their claims by failing to exhaust their available remedies. Judgment entered in favor of the Respondents on March 8, 2005.

On March 11, 2005, Petitioners filed a notice of appeal and the instant motion for a stay pending appeal.

### Argument

As, the Petitioners cannot establish the threshold requirements for a stay of removal, the stay should be denied. As this Court is well aware, in Arevalo v. Ashcroft, 344 F.3d 1 (1st Cir. 2003), the First Circuit found that an alien seeking a stay of removal must satisfy a four part test:

> (1) that she is likely to succeed on the merits of her underlying objection; (2) that she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest.

Id., at 7.

There has been no showing whatsoever of any likelihood of success on the merits of this petition. First and foremost, this Court has already ruled that there is

no likelihood of success, as it has dismissed the petition. Petitioners fail to explain how this Court, having dismissed the claim, can now find it is likely to succeed on appeal.

Second, Morgan and Ibrahim have wholly avoided explaining to this Court why the underlying habeas petition had any merit at all. Instead, they discuss why the appellants in the Ishak case may succeed in that appeal, providing *no discussion whatsoever* as to the merits of the habeas petition of Morgan and Ibrahim.

Because Morgan and Ibrahim cannot establish, and have not even argued, a likelihood of success on the merits or colorable claim of legal error, the request for a stay should be denied.

Similarly, regardless of whether this Court lacked jurisdiction, this Court has also found the claims to be procedurally defaulted, a finding unrelated to the issue in Ishak. The two issues, statutory exhaustion, and procedural default, are entirely distinct and independent bases upon which to dismiss a habeas petition. Presuming, for purposes of this argument, that this Court had jurisdiction to entertain the claim, the finding of procedural default exists as an independent basis upon which to dismiss Petitioners' claims. The First Circuit expressly recognized such in Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004). "The district

court did not base its dismissal on a conclusion that either of these statutes [8 U.S.C. §1252(a)(2)(C) and 8 U.S.C. § 1252(b)(5)] stripped it of jurisdiction to entertain Rivera's petition. Instead, as set forth above, the court simply ruled that Rivera could not use 28 U.S.C. § 2241 to pursue a claim that he could have, but did not, press on statutory direct review.  In other words, the court concluded that Rivera's claim was procedurally defaulted. . . We previously have recognized that principles of procedural default apply in the immigration law context, . . .and we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition.") (citations omitted)

There is no doubt, or dispute, that the claims have been procedurally defaulted.  Ibrahim and Morgan failed to make timely appeal of the BIA's decision to the First Circuit.  Regardless of whether jurisdiction existed,[1] (and thus, regardless of the outcome of the appeal in Ishak v. Ashcroft) the instant claim is appropriately dismissed on the grounds of procedural default.

Finally, to the extent that the Petitioners now attempt, for the first time to raise an issue of ineffective assistance of counsel, the manner in which this issue is raised is wholly deficient.  To proceed on an ineffective assistance of counsel

---

[1] In Rivera-Martinez the First Circuit found it unnecessary to decide a virtually identical jurisdictional issue in light of the procedural default.  Rivera-Martinez, 389 F.3d at 209 n.7.

claim, Petitioners must show "(1) an affidavit describing in detail the agreement between the alien and his counsel regarding the litigation matters the attorney was retained to address; (2) evidence that the alien informed his counsel as to the alien's ineffective assistance allegations and afforded counsel an opportunity to respond; and (3) evidence that the alien had either filed a complaint with the appropriate disciplinary authority regarding the attorney's ethical or legal misfeasance, or a valid excuse for failing to lodge such a complaint."  Betouche v. Ascroft, 357 F.3d 147, 149 (1st Cir. 2004) (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)).

Instead of complying or attempting to explain the failure to comply with the above noted requirements, the Petitioners have noted the issue in a footnote.  There has clearly been no compliance with Lozada.  Further, there is no explanation whatsoever as to why this issue is now being raised for the first time and why there has been no compliance to this point, more than two and one half years after the "final" decision in this matter.

The appeal in question was dismissed as untimely in October of 2002, almost two and a half years ago.  In the interim, Petitioners have filed, and lost, a motion to reopen before the BIA, and a petition for writ of habeas corpus (having waited from May 2003, when the motion to reopen was denied, until May 2004 to

file the habeas petition). Neither Ibrahim nor Morgan are in custody. If the Petitioners now find themselves pressed for time, it appears to be an "emergency" of their own creation.

The Lozada requirements serve to deter fraudulent or purely dilatory filings. "Since a delay in deportation may itself constitute a substantial boon to an alien already subject to a final deportation order, there exists a significant prospect that entirely meritless and/or collusive ineffective assistance claims may be filed for purely dilatory purposes." Betouche, 357 F.3d 150. There has been no explanation as to why the instant clam should be excepted from the Lozada requirements.

Moreover, to prevail on a claim of ineffective assistance, the Petitioners must establish prejudice. They must make some credible argument that the First Circuit would have concluded the IJ's opinion was erroneous. Having reviewed the Petitioner's allegations, and the IJ's opinion, there is no colorable claim of error. The Petitioner's allegations, on their face, do not rise to the level of persecution (let alone persecution by government officials) that would warrant relief. See Exhibit 1.

In these circumstances, to the extent that the motion may be construed as raising a claim of ineffective assistance, such a claim is wholly deficient and

cannot serve as a basis for allowing a stay.

## Conclusion

For the reasons stated herein, Petitioners' request for a stay should be denied.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   _/s/ Mark J. Grady___
       MARK J. GRADY
       ASSISTANT U.S. ATTORNEY
       UNITED STATES ATTORNEY'S OFFICE
       JOHN J. MOAKLEY COURTHOUSE
       ONE COURTHOUSE WAY, SUITE 9200
       BOSTON, MA 02210
       (617) 748-3136

### Certificate of Service

I hereby certify that I served a copy of the foregoing upon counsel for the Petitioners, Anthony Drago, 35 India Street, Boston, MA 02210, by first class mail this 17th day of March 2005.

                _/s/ Mark J. Grady___
                MARK J. GRADY
                ASSISTANT U.S. ATTORNEY