UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MORCOUS MORGAN, and ERIEN IBRAHIM, Petitioners, | ) ) ) ) |
| v. | ) ) ) |
| JOHN ASHCROFT, MICHAEL GARCIA, BRUCE CHADBOURNE, and Respondents. | ) ) ) ) |

Civil Action 04-11017-RCL

## MOTION TO SUSPEND BRIEFING SCHEDULE OR IN THE ALTERNATIVE TO EXTEND THE BRIEFING PERIOD (ASSENTED TO)

Now come the Petitioners in the above matter, **Morous Morgan and Erien Ibrahim,** and hereby move that this honorable court suspend the briefing schedule in this case pending the outcome of the Court's decision in *Ishak v. Ashcroft*, Docket No. 04-1138. Alternatively, to the extent the court declines to suspend the briefing period, the Petitioners request that the Court extend the briefing period for a minimum of two (2) months. In support of this Motion the Petitioners state the following:

1. This case involves an appeal of the District Court's decision to dismiss the Petitioners' Petition for Writ of Habeas Corpus. The District Court ruled that it did not have jurisdiction over the Petition for Writ of Habeas Corpus because the Petitioners failed to file a Petition for Direct Review in the Court of Appeals within 30 days from the date of the final administrative decision in the case.

2. The issue of whether or not the District Court has Habeas Corpus jurisdiction to review a case filed by a non-criminal alien who did not file a Petition for Direct Review within 30 days from the date of a decision by the Board of Immigration Appeals is the exact issue before the court in *Ishak*. On March 7, 2005 the Court heard oral argument on

*Ishak* and the parties in that case are waiting for a decision on the issues presented. The Court's decision in *Ishak* may determine the outcome of this case. Although this case presents a slightly different issue from the one presented in *Ishak*, if *Ishak* is decided against the Petitioner, these Petitioners would most likely have no legal argument and their appeal may be dismissed by the Court. However, if *Ishak* is decided in favor of the Petitioner, these Petitioners would have to distinguish their legal argument from that presented in *Ishak* in order to prevail. Suspending the briefing period would be in the best interest of the parties as it could prevent preparation and filing of briefs that may not be necessary. Suspending or extending the briefing period in this case will also serve to narrow the issues in the briefs thereby saving time and money for the parties. Judicial economy would be served by such action and would assist the court in narrowing the issues presented in this appeal.

3. In addition to the above reasons for requesting this Motion, the Petitioners and their appellate counsel have experienced severe problems in the attorney client relationship and the Petitioners have expressed an interest in changing attorneys for the remainder of this appeal. Counsel for the Petitioners asserts that the attorney client relationship has entirely broken down and counsel for the Petitioners has recommended that the Petitioners seek successor counsel to brief and argue the legal issues presented. Granting this Motion would allow the Petitioners the time they need to find successor counsel for that purpose.

4. Counsel for the Petitioner runs a small, very busy immigration and litigation practice. During the months of May and June counsel for the Petitioners has numerous cases scheduled for trial in the Immigration Court. Counsel's schedule has had an adverse

impact on his ability to adequately brief the legal issues in this case. Finally, Counsel for the Petitioner has spoken with counsel for the Respondent, Assistant U.S. Attorney, Mark Grady, and AUSA Grady did not object to either request made by counsel in this Motion.

For the above stated reasons, counsel for the Petitioners seeks to suspend the briefing schedule in this case pending the decision in *Ishak*. Alternatively, counsel requests an additional 60 days to prepare and file the brief in this case. Neither party will be prejudiced by either suspension of the briefing period or extension of the briefing period as requested. This request is made in good faith and not for the purpose of delay.

WHEREFORE, the Petitioners respectfully request that this Honorable Court grant this Motion and suspend the briefing period pending the decision in *Ishak* or, alternatively, allow the Petitioners a 60 day extension to file their brief.

**Respectfully submitted,**

Anthony Drago, Esq. (Bar No. 68027)
Anthony Drago, Jr., P.C.
35 India Street
Boston, MA 02110
(617) 357-0400

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Docket No. 04-11017-RCL

| | |
|---|---|
| MORCOUS MORGAN, and<br>ERIEN IBRAHIM,<br>Appellants/Petitioners<br><br>v.<br><br>ALBERTO GONZALEZ, U.S. Attorney General;<br>MICHAEL GARCIA, Assistant Secretary, U.S.<br>Immigration and Customs Enforcement; and<br>BRUCE CHADBOURNE, Boston Field Director,<br>U.S. Immigration and Customs Enforcement;<br>Appellees/Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

I, Anthony Drago, hereby certify that on the 18th day of May, 2005, I served a copy of the Motion to Suspend the Briefing Schedule upon the following service list:

U.S. Department of Homeland Security
Office of the District Counsel
JFK Federal Bldg. – Room 425
Boston, MA 02203

Mark Grady, Assistant U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Said service was made in hand.

Anthony Drago, Esq.